### In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.
### No. 22.

Judicial Panel on Multidistrict Litigation.
June 23, 1969.

As Amended June 26, 1969.

---

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The cases listed on the attached Schedule A were brought by the United States of America on behalf of the Commodity Credit Corporation to recover damages for alleged losses of grain[1] during shipment. Discrepancies between the weights recorded at the origin and the weights recorded at the destination form the basis for the Government claims. The grain was transported by the defendants in clear-record, covered hopper cars.[2]

On April 25, 1969, the Panel ordered the parties in these cases to show cause why the cases should not be transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.[3] A

---

\* Although he was unable to be present at the Denver hearing, Judge Wisdom has, with the consent of the parties, participated in this decision.

1. The majority of claims arise from shipments of wheat but shipments of corn and milo are also involved.

2. A covered hopper car is defined as "an all-metal car so constructed so that commodities cannot escape from it during the course of transportation provided the

car is locked and sealed by the shipper." The term clear record is used to mean "that the car was without any defect and that the seals were intact (at the destination)". Union Pacific Response to Show Cause Order, p. 1

3. This section authorizes transfer of cases for consolidated or coordinated pretrial proceedings on motion of a party or on the initiative of the Panel.

hearing was held in Denver, Colorado on May 23, 1969 and counsel for all parties were notified by the Clerk of the Panel.

These thirty-two cases involve many common questions of fact including those relating to general standards for loading and unloading hopper cars, general standards for weighing hopper cars, the integrity of the hopper cars by design and manufacture and the amount of shrinkage or loss of moisture which normally occurs in these grains. There are also questions of fact of limited commonality. As all shipments do not originate or terminate at the same point, the loading and weighing procedures used at any one terminal are not common to all cases. However many of the shipments involved in this litigation have the same points of origin and destination; therefore the facts relating to actual practice at those locations are common to several of these cases.

■ We are satisfied, as are the vast majority of the parties[4] that there are sufficient common questions of fact and that transfer of these cases for coordinated or consolidated pretrial proceedings will be for the convenience of the parties and their witnesses.[5]

■■ There is a special reason why the just and efficient conduct of these actions will be served by application of Section 1407. Although these cases are of great importance to the railroads, the Government, and the general public, they involve relatively small damage claims.[6] Therefore, every effort should be made by the parties and the courts to process these actions as efficiently, expeditiously and economically as possible. The transfer of these cases for coordinated or consolidated pretrial proceedings under Section 1407 is but the *first*

*step* in realizing such a goal. Section 1407 is not the exclusive vehicle for insuring the just and efficient conduct of cases having common questions of fact and law. In re Air Crash Disaster at Falls City, Nebraska on Aug. 6, 1966, 298 F.Supp. 1323 (Jud.Pan.Mult.Lit. 1969). Sections 1404(a), and 1406(a) when applicable, may be used in conjunction with or in place of Section 1407 to transfer related cases to a single court. In re Mid Air Collision near Hendersonville, North Carolina on July 19, 1967, 297 F.Supp. 1039 (Jud.Pan.Mult.Lit. 1969). It should be emphasized that the transfer of these cases under Section 1407 does not prevent the appropriate court from considering the possibility of transferring these cases for trial under Section 1404(a) when pretrial proceedings are complete. See Manual for Complex and Multidistrict Litigation, section 5.2.

■ In its initial response to the order to show cause, the Government suggested the District of Maryland as an appropriate transferee forum, a suggestion admittedly prompted by personal convenience. The defendants oppose this suggestion and approximately half of them have requested that the cases be transferred to either the Districts of Colorado, Kansas or Nebraska. Selection of one of these courts is urged because most of the grain involved in this litigation moved in the central states and because the Government records relating to grain shipments are located at the office of the Agricultural Stabilization and Conservation Service in Kansas City. These factors coupled with the availability in each of these districts of an experienced and capable judge familiar with this litigation and with grain handling and storage problems in general compel the selection of one of

---

4. The common plaintiff and nineteen of the twenty-three responding defendants favor coordinated or consolidated pretrial proceedings.

5. This is said to be particularly true of discovery relating to Government records in Kansas City and Washington, D. C.

6. For example, the four cases pending in the District of Kansas involve claims for damages in the following amounts:
$546.64; $729.52; $809.13; and $4,-692.51

these three districts. The final choice is not an easy one. The physical proximity of the District of Kansas to the offices of the Agricultural Stabilization and Conservation Service and the willingness of Judge George Templar to accept responsibility for the coordinated or consolidated pretrial proceedings [7] has convinced us that the District of Kansas is the most appropriate transferee forum.

The Southern Railway Company opposes the inclusion of the two cases filed against it in the District of South Carolina in consolidated or coordinated pretrial proceedings on the grounds that pretrial proceedings in these two cases are almost complete and the cases are nearly ready for trial. It does not appear that the convenience of parties and witnesses or the just and efficient conduct of these two actions would be furthered by transferring them to the District of Kansas under Section 1407. *Cf.* In re Protection Device Cases, 295 F. Supp. 39, 40 (Jud.Pan.Mult.Lit.1968).

It is therefore ordered that the cases on the attached Schedule A, with the exception of the two cases pending in the District of South Carolina and those cases originally filed in the District of Kansas, are hereby transferred to the District of Kansas and with the consent of that court assigned to the Honorable George C. Templar for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

### DISTRICT OF KANSAS

1. United States of America v. The Atchison, Topeka and Santa Fe Railway Company — Civil Action No. T-4314
2. United States of America v. Atchison, Topeka and Santa Fe Railway Company — Civil Action No. T-4464
3. United States of America v. Chicago, Rock Island & Pacific Railroad Company — Civil Action No. T-4323
4. United States of America v. Missouri Pacific Railroad Company — Civil Action No. T-4317

### DISTRICT OF MARYLAND

5. United States of America v. Pennsylvania Railroad Company — Civil Action No. 19013
6. United States of America v. Western Maryland Railway Company — Civil Action No. 19575
7. United States of America v. Baltimore & Ohio Railroad Company — Civil Action No. 19520
8. United States of America v. Pennsylvania New York Central Transportation Company — Civil Action No. 19797

### EASTERN DISTRICT OF VIRGINIA

9. United States of America v. Chesapeake and Ohio Railway Company — Civil Action No. 6541-N
10. United States of America v. Norfolk & Western Railway Company — Civil Action No. 6404
11. United States of America v. Norfolk & Western Railway Company — Civil Action No. 6895

7. Both the transferee judge and the transferee court, as evidenced by the consent signed by Chief Judge Arthur J. Stanley and filed with the Clerk of the Panel, have consented to the assignment of these cases to Judge Templar under Section 1407.

#### DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 12. | United States of America v. Chicago, Burlington & Quincy Railroad Company | Civil Action No. 298 |
| 13. | United States of America v. Chicago North Western Railway Company | Civil Action No. 273 |
| 14. | United States of America v. Chicago North Western Railway Company | Civil Action No. 315 |
| 15. | United States of America v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company | Civil Action No. 348 |
| 16. | United States of America v. Soo Line Railroad Company | Civil Action No. 297 |

#### NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| 17. | United States of America v. Fort Worth & Denver Railway Company | Civil Action No. 1054 |

#### WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| 18. | United States of America v. Kansas City Southern Railway Company | Civil Action No. 17018-3 |

#### WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| 19. | United States of America v. Northern Pacific Railway Company | Civil Action No. 3610 |
| 20. | United States of America v. Spokane Portland & Seattle Railway Company | Civil Action No. 8057 |

#### WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 21. | United States of America v. New York Central Railroad Company | Civil Action No. 1967-424 |

#### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 22. | United States of America v. Reading Company | Civil Action No. 68-44 |
| 23. | United States of America v. Reading Company | Civil Action No. 68-1611 |
| 24. | United States of America v. Pennsylvania New York Central Transportation Company | Civil Action No. 69-203 |

#### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| 25. | United States of America v. Southern Railway Company | Civil Action No. 67-843 |
| 26. | United States of America v. Southern Railway Company | Civil Action No. 68-635 |

#### DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| 27. | United States of America v. Union Pacific Railroad Co. | Civil Action No. 02839 |

### DISTRICT OF COLORADO

28. United States of America v. Union Pacific Railroad Company — Civil Action No. C-1188

### DISTRICT OF OREGON

29. United States of America v. Southern Pacific Company — Civil Action No. 68-23
30. United States of America v. Southern Pacific Company — Civil Action No. 68-542

### WESTERN DISTRICT OF WISCONSIN

31. United States of America v. Great Northern Railway Company — Civil Action No. 67-C-160
32. United States of America v. Great Northern Railway Company — Civil Action No. 68-C-210