Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, and JOSEPH S. LORD, III, Judges of the Panel.

**In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.**

**The UNITED STATES of America**

**v.**

**MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, S. D. TEXAS.**

**No. 69–H–651**

**No. 22.**

Judicial Panel on Multidistrict Litigation.

Sept. 30, 1969.

## OPINION AND ORDER

PER CURIAM.

On June 23, 1969, the Panel transferred 26 *grain shipment cases* to the District of Kansas pursuant to 28 U.S.C. § 1407 and assigned them to Judge George C. Templar for coordinated or consolidated pretrial proceedings with four similar actions initially filed in that court. In re Grain Shipment Litigation, 300 F.Supp. 1402 (Jud.Pan. Mult.Lit.1969). Three other similar actions were later transferred without opposition to the District of Kansas and assigned to Judge Templar. The action was commenced after the initial Panel hearing held in Denver, Colorado on May 23, 1969 and it was therefore not included in the June 23rd transfer order.

On August 13, 1969, a *conditional transfer order* was entered transferring the above case from the Southern District of Texas to the District of Kansas on the basis of the prior hearing and for the reasons stated in the opinion and order of June 23, 1969. During the automatic ten-day stay of execution of this order, the defendant filed a motion to vacate the transfer order and the stay of execution was continued until further order of the Panel. The Government

then filed its opposition to the defendant's motion and urged the transfer of this case to the District of Kansas for coordinated or consolidated pretrial proceedings with the other 33 cases. The defendant waived its right to a hearing before the Panel and none of the other parties have requested one.

This action, like the others comprising this multi-district litigation, involves claims for damages due to alleged losses of grain shipped by one of the defendant railroads at the direction of the Commodity Credit Corporation. In the case at bar, the total sum in controversy is $365.30. The defendant contends that because the claim for damages is so small it "ought not to be required to incur the expense associated with consolidated pretrial proceedings."[1] All of the cases involved in this litigation involve relatively small damage claims and we suggested that "every effort should be made by the parties and the courts to process these actions as efficiently, expeditiously and economically as possible." 300 F.Supp. 1404. We held that the transfer of these civil actions for coordinated or consolidated pretrial proceedings under section 1407 was *the first step* in realizing such a goal and we are satisfied that Judge Templar is conducting pretrial proceedings in a manner designed to minimize the cost of this litigation.

It may very well be that the transfer of this action to the District of Kansas will, in the long run, reduce the defendant's cost of defending it. But even if this is not so, the Panel must weigh the interests of *all* parties and must consider multiple litigation *as a whole*. In re Library Editions of Children's Books, 297 F.Supp. 385, 386 (Jud.Pan.Mult. Lit.1968). We are confident that the transfer of this action to the District of Kansas and the concomitant coordinated or consolidated pretrial proceedings in these many actions will serve the overall convenience of the majority of the parties and will clearly promote the just and efficient conduct of this litigation as a whole.

We are also satisfied that there are sufficient common questions of fact to justify the transfer of this action under section 1407. The grain involved in this action was shipped to Houston or Galveston, Texas, the terminal point for many of the shipments involved in the other actions comprising this multi-district litigation. Thus loading and weighing procedures and scale accuracies at the points of origin and destination for the shipments involved in this action are equally relevant to numerous other previously transferred cases. Questions of fact common to *all cases* include "those relating to general standards for loading and unloading hopper cars, general standards for weighing hopper cars, the integrity of the hopper cars by design and manufacture and the amount of shrinkage or loss of moisture which normally occurs in these grains." 300 F.Supp. at 1404.

All statutory requisites for transfer of cases under section 1407 having been met, the motion to vacate the order of August 13, 1969 is denied. The stay of that order is hereby lifted and the Clerk of the Panel is directed to transmit it forthwith to the Clerk of the District of Kansas for filing and distribution pursuant to section 1407.

---

[1]. Counsel predicts that expenses far in excess of the damage claim will be incurred by the defendant if this case is transferred to Kansas but it appears likely to us that the expense of defending this action will exceed the claimed damages *regardless* of where pretrial proceedings are conducted.