**In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving IBM.**

*Howard S. Levin v. IBM & Levin-Townsend Computer Corporation,* S. D. New York, Civil Action No. 70 Civ. 1654.

Judicial Panel on Multidistrict Litigation.

July 10, 1970.

See also Mult.Lit., 316 F.Supp. 976.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## ORDER

PER CURIAM.

On April 23, 1970 the plaintiff filed the above action in the Southern District of New York. On May 1, 1970 we issued a "conditional transfer order" transferring it to the District of Minnesota for coordinated or consolidated pretrial proceedings with other related actions filed in or transferred to that court. See In re IBM Litigation, 302 F. Supp. 796 (JPML1969). The plaintiff filed a timely notice of opposition to the transfer, motion to vacate the conditional transfer order and brief in support thereof. At his request a hearing was held in Washington, D. C. on June 26, 1970.

While not abandoning his opposition to eventual transfer of this case to Minnesota, counsel for the plaintiff pressed most vigorously at the hearing for a thirty to sixty day delay apparently to afford Mr. Levin and Levin-Townsend Computer Corporation an opportunity to resolve their differences and to present a unified front against the major defendant—IBM. We were not persuaded however, that there was any substantial basis for delaying a decision on this motion and in view of the major pretrial conference scheduled for July 31, 1970 it seems important that all parties, including Mr. Levin, know by that date whether or not this action is going to be included in coordinated and consolidated pretrial proceedings.

Turning to the merits of the opposition to the transfer we do not believe that this action is sufficiently different from the actions previously transferred to the District of Minnesota to cause it to be excluded from coordinated or consolidated pretrial proceedings. It is of course true that this action involved an additional factor, the intercompany dispute between Mr. Levin and the present directors of the Levin-Townsend Computer Corporation but it is undisputed that the antitrust charges contained in the complaint are virtually identical with those contained in actions previously transferred to Minnesota. There can be no doubt that much of the discovery will be common to all cases and that the convenience of these parties and their witnesses as well as the just and efficient conduct of this entire litigation would be furthered by transferring this case to the District of Minnesota and including it in coordinated and consolidated pretrial proceedings. If it later develops that there are claims between Mr. Levin and the Levin-Townsend Computer Company which are unrelated to the other actions, they can be separated by the transferee judge and if appropriate, remanded to the Southern District of New York.

It is therefore ordered that the motion to vacate the conditional transfer order of May 1, 1970 is overruled; the stay of that order is hereby lifted and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the District of Minnesota for filing and distribution pursuant to Section 1407.