**In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving IBM.**

*Computer Graphics Associates, Inc. v. IBM*, District of Columbia, Civil Action No. 1658–70.

**No. 18.**

Judicial Panel on Multidistrict Litigation.

Aug. 13, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

On June 19, 1970, a conditional transfer order was entered directing the transfer of this action to the District of Minnesota for coordinated or consolidated pretrial proceedings with apparently related actions filed in or transferred to that Court. See, In re IBM Litigation, 302 F.Supp. 796 (JPML 1969) and In re IBM Litigation, 314 F.Supp. 1253 (JP ML, July 10, 1970). Data Processing Financial and Control Data, plaintiffs in two of the actions involved in this multidistrict litigation, oppose transfer and move to vacate the conditional order. Computer Graphics filed a response to the motion urging transfer; IBM has neither supported nor opposed the transfer. No hearing was requested by the parties.

Although Computer Graphics has not raised the issue, we note initially that Data Processing Financial and Control Data have standing to oppose transfer of Computer Graphics' action to the District of Minnesota. These plaintiffs, like the common defendant, have an interest in seeing that only actions involving common fact questions are trans-

ferred for Section 1407 pretrial proceedings.

Computer Graphics' action alleges antitrust and common law violations arising from IBM's marketing of its MT/ST (Magnetic Tape Selectric Typewriter) and MT/SC (Magnetic Tape Selectric Composer) while the actions transferred to or filed in Minnesota allege similar violations arising from IBM's separate and "package" marketing of computer hardware, software and related services. The objecting plaintiffs point out that the MT/ST is functionally different from the electronic data processing equipment involved in the other actions and is manufactured and marketed by a different division than the electronic data processing equipment. No mention is made of the MT/SC but Computer Graphics' complaint suggests that the same arguments apply to it. Consequently, the objecting plaintiffs urge that their actions and Computer Graphics' action involve no common areas of discovery, i. e., no common documents to be examined, interrogatories to be answered, or individuals to be deposed.

Computer Graphics admits that discovery in the other actions would be seriously impeded by additional discovery involving IBM's typewriter business. But it contends that the MT/ST and MT/SC can be used as computer input equipment and that the actions thus involve common questions of fact concerning computer systems manufactured by IBM and violation of a 1956 Consent Decree entered against IBM.

Although Computer Graphics has cast its complaint in terms of antitrust violations in the electronic data processing industry, the capacity of the MT/ST and MT/SC as computer input devices is irrelevant to Computer Graphics' action and is relied on only as an explanation for IBM's alleged acts. Computer Graphics has used its machines only for the typesetting and typewriting functions for which they were intended and any antitrust questions raised by it concern IBM's monopolization of this aspect of the office machine market. No question is raised concerning IBM's alleged tie-in of computer software with computer hardware sales, the apparent crux of the Minnesota actions. We conclude that, in spite of a few common fact questions resulting from the common defendant, the just and efficient conduct of the actions will not be promoted by transfer of Computer Graphics action. See In re Multidistrict Civil Antitrust Litigation Involving Photocopy Paper, 305 F.Supp. 60 (JPML 1969). Accordingly, the motion of Data Processing Financial and Control Data is granted and it is ordered that the conditional transfer order be vacated.