In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.

*The United States of America v. Penn Central Transportation Company,* Maryland, C.A. 70–722–N.

**No. 22.**

Judicial Panel on Multidistrict Litigation.

Nov. 12, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WIS-

## 534

DOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

On June 23, 1969 following a hearing held on its own initiative, the Panel transferred twenty-six related actions to the District of Kansas and assigned them to Judge George C. Templar for coordinated or consolidated pretrial proceedings with four related actions originally filed in that court. In re Grain Shipments, 300 F.Supp. 1402 (J.P.M.L. 1969). Since then, nine *tag-along cases* filed in other districts have been transferred to the District of Kansas, see, *e. g.,* In re Grain Shipments, 304 F.Supp. 457 (J.P.M.L.1969), and at least three other related actions have been filed in that District.

When the complaint and docket sheet in the above-captioned case came to the attention of the Clerk of the Panel, she concluded that it was a "tag-along case" [1] and pursuant to Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation,[2] a Conditional Transfer Order was entered transferring it to the District of Kansas and assigning it to Judge Templar for coordinated or consolidated pretrial pro-

ceedings under Section 1407. During the ten-day stay [3] the Atchison, Topeka and Santa Fe Railroad Company (hereinafter Santa Fe), a defendant in several other actions included in the multidistrict litigation but not a party to this action, filed a Notice of Opposition to the transfer of this action. The Conditional Transfer Order was stayed indefinitely and a hearing was held in New York City on September 23, 1970 to consider the proposed transfer of this case.

■ At the outset it should be pointed out that the "Conditional Transfer Order" is an administrative device used to expeditiously transfer apparently related cases where there is no opposition to such a transfer. It should not be considered by counsel as a decision or judgment by the Panel which must be reversed before such an order can be vacated.[4] It is simply an administrative act of the Clerk which can be and will be vacated upon the showing of good cause by any party. In re IBM Antitrust Litigation, 316 F.Supp. 976 (J.P.M.L. August 13, 1970).

■ Although the Santa Fe is not a party to this action it does have standing to attack this transfer. In re IBM Antitrust Litigation, *supra.* In addition to seeking the vacation of the Conditional Transfer Order in the instant action, the Santa Fe [5] seeks to remand

---

1. Rule 1 of The Rules of Procedure of the Judicial Panel on Multidistrict Litigation defines a tag-along case as "a civil action apparently sharing common questions of fact with actions previously transferred under Section 1407 * * *."

2. *RULE 12*
 *Conditional Transfer Order*
 (a) Upon learning of the pendency of a *tag-along* case the Clerk of the Panel shall as soon as practical enter a conditional order transferring it to the previously designated transferee court on the basis of the prior hearing or hearings and for the reasons expressed in previous opinions and orders in the litigation. The effective date of this order shall be stayed ten days from the entry

thereof to afford all parties the opportunity to oppose the transfer, unless the stay is further extended by the Panel.

3. At the time this Conditional Transfer Order was entered, Rule 12(a) provided for a ten-day stay. This period was extended to fifteen days in the amended Rules adopted on August 21, 1970.

4. See, A Survey of Federal Multidistrict Litigation, 15 Vill.L.Rev. 916, 940–942 (1970).

5. Two other defendants in other actions, the Kansas City Southern Railway Company and the Missouri Kansas Texas Railway Company, support the Santa Fe motion.

to the court of origin: "All cases which contain a substantial number of boxcar claims, whether the same be tag-along cases or cases originally involved in the transfer proceedings. * * *"

The facts germane to Santa Fe's motion are neither complicated nor disputed. It is agreed that this litigation *now* includes claims resulting from shortages in grain shipped in *covered hopper cars* and *boxcars*. It is also true that the Panel was not aware that claims arising from *boxcar shipments* were involved in any of the cases transferred under Section 1407. However, the fact that the *boxcar cases* were unwittingly included in this multidistrict litigation does not mean that they were improperly included.

 It is true that one of the central issues thought to be common to all actions was the integrity of the hopper car. But the integrity of the hopper car was only one of several common facts, "including those relating to general standards for loading and unloading hopper cars, general standards for weighing hopper cars, * * * and the amount of shrinkage or loss of moisture which normally occurs in these grains." In re Grain Shipments, 300 F.Supp. 1402, 1404 (J.P.M.L.1969). Questions relating to the "shrinkage factor" remain common to all cases and to the extent that the same equipment and procedures are used for loading and weighing both *hopper cars* and *boxcars*, questions relating to them are common to both types of cases. Where multidistrict litigation involves two or more categories of cases with some overlapping questions of fact and some unique questions of fact it has generally been thought desirable to transfer them

to a single district and to assign them to a single judge. The extent to which the two groups should be consolidated *for pretrial purposes* is a question properly left to the discretion of the transferee judge. *Cf.* In re Revenue Properties Company, 309 F.Supp. 1002 (J.P.M.L. 1970) and Seeburg-Commonwealth United Merger, 312 F.Supp. 909 (J.P.M.L. 1970).

Since it is clear that there are some common questions of fact between the two classes of cases, the question becomes whether or not the inclusion of the *boxcar claims* would serve the convenience of the parties and their witnesses and would promote the just and efficient conduct of this entire litigation. We do not see how any party could be inconvenienced by the transfer of all *Boxcar Cases* to a single district for coordinated or consolidated pretrial proceedings, since they are *all* presently involved in related litigation in the same district. It is possible that some separate discovery will be necessary but it can be conducted in conjunction with the ongoing discovery program in the *Hopper Car Cases* without causing any substantial delay in the processing of those cases. The claims in both types of cases are small and, as we suggested previously, the transfer of these cases to a single court is essential if these related actions are to be processed as efficiently, expeditiously, and economically as possible.

Santa Fe fears that the inclusion of the *Boxcar Cases* will make this litigation so bulky that proceedings will be slowed down even further. The extent to which this is true will depend in large part on whether the parties choose to expedite this litigation or to delay it.[6] It goes without saying that the transferee judge has wide discretion in this

6. We think the refusal of some defendants to stipulate to the admission of weight certificates and bills of lading as "records made in the regular course of business" is inconsistent with the goal of efficient pretrial proceedings. We are also dis-
tressed by what would appear to be unnecessary discovery skirmishes and other actions which serve to prolong this litigation and make it more expensive. See, Manual for Complex and Multidistrict Litigation, § 1.10.

matter. He can, for example, proceed with that discovery which is common to *both* groups of cases and if additional *Boxcar Cases* begin to slow down pretrial proceedings they can be stayed pending completion of discovery in the original cases.

It is therefore ordered that the motion to vacate the Conditional Transfer Order entered in the instant case and the motion to remand all actions involving boxcar claims are hereby denied. The stay of said Conditional Transfer Order is hereby listed and the Clerk is directed to transmit said order to the Clerk of the District of Kansas for filing and distribution pursuant to 28 U.S.C. § 1407.