**In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving IBM.**

*Greyhound Computer Corp., Inc. v. IBM, N.D. Illinois, Civil Action No. 70C 1944.*

*Greyhound Computer Corp., Inc. v. IBM, N.D. Illinois, Civil Action No. 70C 2203.*

**No. 18.**

Judicial Panel on Multidistrict Litigation.

Nov. 27, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

## PER CURIAM.

On July 31, 1969, the Panel ordered that three antitrust actions against IBM in the Southern District of New York be transferred to the District of Minnesota for coordinated or consolidated pretrial proceedings with a similar action filed there. In re IBM Antitrust Litigation, 302 F.Supp. 796 (JPML 1969). A later *tag-along* case was also transferred to Minnesota in July, 1970, In re IBM Antitrust Litigation, 314 F.Supp. 1253 (JPML 1970).[1] After slightly more than a year of pretrial discovery in that district before the Honorable Philip Neville, settlements were reached in all of the actions except the one originally filed there by Control Data Corporation (CDC).

While discovery was being conducted in Minnesota, Greyhound Computer Corp. commenced an action in Illinois state court, charging IBM with breach of contract, fraud and unfair competition. IBM removed this action to federal court, but it was remanded upon Greyhound's representation that it did not intend to sue IBM under the federal antitrust laws. In July, 1970, Greyhound amended its complaint to allege a violation of the antitrust statutes, although not specifically invoking the federal statutes and IBM again removed that action. Greyhound then filed a second action in federal court, expressly alleging IBM's violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

On September 11, 1970 the Panel ordered the parties to show cause why these two actions should not be transferred to Minnesota for coordinated or consolidated pretrial proceedings with CDC's action pending there. After consideration of the parties' responses and the arguments presented at a hearing on the matter, the Panel has concluded that these actions meet the criteria of Section 1407 and that coordinated or consolidated pretrial proceedings should be held in the District of Minnesota before Judge Neville.

CDC is a manufacturer and distributor of its own line of computers in competition with IBM, while Greyhound purchases IBM equipment which it then leases to its customers. Because of their different activities the plaintiffs argue that their antitrust actions against their common competitor, IBM, raise few common fact questions. We find this argument no more persuasive now than at the time of our prior transfer orders, which encompassed actions by a computer hardware manufacturer (CDC), lessors of hardware and software, and suppliers of software only. Like the earlier cases, the present actions involve common questions of fact concerning IBM's monopolization of the computer field and "will require the exploration in depth of wide fields of both technical and economic data." 302 F.Supp. at 798. And now, as at the time of the original transfer, we think "the inevitable extent and complexity of projected discovery qualifies these cases as 'exceptional' so that transfer and consolidation is required." 302 F.Supp. at 799.

CDC and Greyhound both urge that their actions are in different phases of discovery and that many of the remaining areas of discovery lack commonality. These problems are more properly addressed to the transferee judge. We are confident that the status of discovery efforts can be equalized in these actions

---

* Judge Joseph S. Lord, III was unable to attend the hearing in this matter but with the consent of all parties participated in this decision.

1. A conditional transfer order in a second *tag-along* case was vacated in August, 1970, In re IBM Antitrust Litigation, 316 F.Supp. 976 (JPML Aug. 13, 1970).

and to the extent that remaining discovery efforts will center on matters of interest to only one plaintiff, coordination of pretrial proceedings to avoid duplicative discovery may be more appropriate than consolidation. Judge Neville is familiar with the problems arising from this type of litigation and we are certain that discovery will proceed efficiently under his direction.

It is therefore ordered that the actions pending in the Northern District of Illinois be, and the same hereby are, transferred under Section 1407 of Title 28, United States Code, to the United States District Court for the District of Minnesota and, with the prior consent of that court, assigned to the Honorable Philip Neville for coordinated or consolidated pretrial proceedings with Control Data Corp. v. International Business Machines Corp., Civil Action No. 64 Civ. 19, pending in that district.