**In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.**

*United States of America v. Western Pacific Railroad Company,* N.D. California, Civil Action No. 70–2450GSL.

**No. 22.**

Judicial Panel on Multidistrict Litigation.

March 18, 1971.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### PER CURIAM.

This *tag-along case* was the subject of a "conditional transfer order" entered on December 14, 1970, transferring it to the District of Kansas for coordinated or consolidated pretrial proceedings with the other related actions transferred to or originally filed in that court. This order has not become effective because the defendant filed its notice of opposition prior to the time the Clerk of the Panel was to transmit the order to the Clerk of the transferee court for filing as required by § 1407(c).[1] This matter was then set for hearing at the next regularly scheduled session of the Panel which was held in Washington, D. C. on February 26, 1971. Counsel for the defendant was unable to attend the hearing and although counsel for the Government did appear, the case was submitted on the pleadings.[2]

The defendant urges that this case should not be included in these coordinated or consolidated pretrial proceedings because it involves a different carrier, different points of origin and destination, and a different type of grain than are involved in the other cases. We have never said that *all* of the factual issues involved in this litigation are common to each and every case but have stressed that *many* of the issues are common to all of these cases. In re Grain Shipments, 319 F.Supp. 533 (Jud. Pan.Mult.Lit.1970) One of the most important issues in this litigation concerns the integrity of a "clear record covered hopper car" and the Government assert that this case involves losses of grain from covered hopper cars only. In addition, questions involving the general standards for loading, unloading and weighing hopper cars are also common to this case. In re Grain Shipments, 300 F.Supp. 1402 (Jud.Pan.Mult. Lit.1969)

The presence of complex and important questions of fact common to this case and to many of the cases previously transferred to or originally filed in the District of Kansas having been clearly established, we have no doubt that the overall convenience of the parties and their witnesses and the just and efficient conduct of this entire litigation will be served by a transfer of this case to the District of Kansas for coordinated or consolidated pretrial proceedings under Section 1407.

It is therefore ordered that the motion to vacate the conditional transfer order be and the same is hereby denied. The Clerk of the Panel is directed to transmit said order forthwith to the Clerk of the United States District Court for the District of Kansas for filing and distribution pursuant to 28 U.S.C., § 1407.

1. Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation give the parties 15 days to file their notice of opposition to the transfer of any action which is the subject of a conditional transfer order.

2. Counsel for the Government did make a brief statement concerning the general status of the cases now pending in the District of Kansas and pointed out that his brief was no longer correct (due to the settlement of certain other actions) in stating that the points of origin and destination for these shipments were the same as those involved in other cases.