**In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.**

*United States v. Norfolk Southern Railway Co., E.D.Virginia, Civil Action No. 860–70–N.*

*United States v. Norfolk & Western Railway Co., E.D.Virginia, Civil Action No. 68–71–N.*

**No. 22.**

Judicial Panel on Multidistrict Litigation.

April 19, 1971.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

These two cases were filed by the United States to recover for alleged losses of grain of the Commodity Credit Corporation occurring during shipment on the defendant lines. Because of their apparent relation to grain shipment litigation now pending in the District of Kansas, conditional transfer orders were entered in both cases. The two defendants now move to vacate the conditional transfer orders and the United States opposes their motions. After a hearing attended by counsel for all parties, we have concluded that these cases are appropriate for coordinated or consolidated pretrial proceedings with the previously-transferred cases and order them transferred to the District of Kansas.

The defendants both argue that their cases raise few questions of fact common to the Kansas cases. The Norfolk & Western says that its case involves a single point of origin and a single point of destination for the majority of shipments. It is asserted that the elevators involved in this case are not involved in the other cases. In addition, many of

the relevant weighings were made by use of track scales rather than hopper scales, a procedure said to be different from that used in the typical transferred case.

The Norfolk Southern stresses that the amount claimed is only $548.00 and that no other suits are pending against it. The majority of hopper cars relevant to this action are owned by the defendant and both elevators and the relevant weighing bureau are said to be in the defendant's own area, far from Kansas.

The United States persuasively argues against differentiating these cases from the prior cases transferred. As to the Norfolk & Western, the United States points out that the carriers in the consolidated cases are presently scheduling depositions at many of the elevators and weighing agencies involved in this suit and that failure to include this defendant in that discovery program will lead to repetitive discovery and duplication of effort. The United States also suggests that this carrier refused, in actions previously transferred to Kansas but since settled, to make admissions concerning the claims documents on which the Government premises liability and that a refusal to make those admissions in this case will necessitate discovery at each elevator to supply the foundation for their admissibility, thus duplicating discovery required in the consolidated cases. Finally, it is submitted that the use of track scales is not unique to this suit but is involved in several suits already consolidated.

As to the Norfolk Southern, the United States contends that one of the two elevators and the weighing agency will be the subject of depositions now being scheduled in Kansas. In addition, several of the cars involved in this suit are involved in suits in Kansas, where their records will have to be produced. Finally, the Government suggests that the defendant will not be at a disadvantage in participating in the Kansas proceedings since it is represented by counsel who has participated in them on behalf of other carriers.

Both defendants assert a more basic reason for opposing transfer. The Norfolk & Western states that it has concluded that diverse railroads located across the nation cannot coordinate their efforts in support of their defenses concerning industry-wide practices and the fallibility of grain elevator weight records. Both defendants apparently feel that they have a better chance of defending their claims if they are not sent to Kansas and suggest that transfer would increase the nuisance value of the suits and lead to possible settlements without a conclusive determination of the central issues involved.

We cannot accept these arguments of the defendants. As the United States notes, these actions were filed pursuant to a plan agreed on in the Kansas proceedings. The United States there agreed to file all outstanding claims against all carriers arising from grain shipments in order to postpone the need for filing and transfer of additional cases for at least the two year statute of limitations period applicable to these actions. The parties and the Court then set up a discovery schedule to commence upon the completion of the transfer of all of these cases. If these two cases, which so clearly share the common questions of fact with the Kansas cases, are not transferred expeditiously, that schedule will be undermined and the effectiveness of pretrial proceedings diminished. As to the defendants' dissatisfaction with the concept of coordinated or consolidated pretrial proceedings in this litigation, the United States has satisfied us that the convenience of the parties and witnesses and the just and efficient conduct of the litigation require section 1407 pretrial proceedings. Duplication of discovery efforts will inevitably result unless transfer is ordered. And Judge Templar has become well acquainted with the facts and issues in these cases and is expediting their pretrial processing.

It is therefore ordered that motions of the defendants, Norfolk & Western Railway Company and Norfolk Southern Railway Company, to vacate the condi-

tional transfer orders be and the same are denied. The stay of the conditional transfer orders entered in these two actions is lifted and the Clerk is directed to transmit those orders to the Clerk of the United States District Court for the District of Kansas for filing and distribution pursuant to 28 U.S.C. § 1407.