**In re COMMODITY CREDIT CORPORA-
TION LITIGATION INVOLVING
GRAIN SHIPMENTS (NO. 11).**

**No. 22A.**

Judicial Panel on Multidistrict litigation.

Aug. 28, 1973.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The United States of America has filed fifteen actions in four different districts on behalf of the Commodity Credit Corporation to recover damages for alleged losses of grain during shipment. This litigation is a follow-up to the actions previously transferred by the Panel to the District of Kansas for coordinated or consolidated pretrial proceedings. In re Grain Shipments Litigation, 300 F.Supp. 1402 (Jud.Pan.Mult. Lit.1969); 304 F.Supp 457 (J.P.M.L. 1969); 319 F.Supp. 533 (Jud.Pan.Mult. Lit.1970); 325 F.Supp. 318 (J.P.M.L. 1971); 327 F.Supp. 1313 (Jud.Pan. Mult.Lit.1971); 332 F.Supp. 588 (Jud. Pan.Mult.Lit.1971). The pretrial proceedings in all of those actions however, have been completed. The majority of the actions settled during pretrial and the Panel has remanded the few non-settling actions to their respective transferor districts for trial.

The United States moves the Panel for an order transferring the fifteen new actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1]  All

---

* Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. An additional action, United States v. Missouri-Kansas-Texas Railroad Co., N.D.Texas, Civil Action No. 3–6708–D, was included in the motion to transfer under 28 U.S.C. § 1407. Prior to the Panel hearing, however, the Texas district court entered an order dismissing that action.

of the defendant railroads oppose transfer. We find that these actions involve common questions of fact and that transfer of the actions to the Western District of Missouri under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In opposing transfer, defendants argue that the facts relating to the issue of liability differ with respect to each action. They point out that each action involves different shipments of grain, dates of shipment, origins, destinations, routings, carriers, amounts of grain and railroad cars. Movant, on the other hand, asserts that the following issues raise questions of fact common to all actions: the structural integrity of the railroad cars; the propensity of grain to shrink and lose moisture during handling and transportation; the general industry standards for loading, unloading and weighing of railroad cars; and the general industry standards regarding the operation, design and manufacture of industrial scales.[2] In addition, movant contends that many of the shipments have the same points of origin and/or destination and therefore the actual weighing and loading practices at these locations will also entail common discovery. We are persuaded that there are sufficient common questions of fact to warrant transfer of these actions to a single district and that coordinated or consolidated pretrial proceedings pursuant to Section 1407 are necessary in order to avoid duplication of discovery and inconvenience to the parties and witnesses.

Some of the defendants also oppose transfer on the ground that in the former grain shipments litigation expenses of counsel for traveling to and from pretrial conferences and depositions exceeded the amount of damages claimed by plaintiff. As we suggested in the initial opinion and order in the previous litigation, however, maximum planning, cooperation and effort by the parties and the transferee court is needed in order to process these actions as economically, efficiently and expeditiously as possible. We direct the parties' attention to the recommendations suggested in the *Manual* concerning utilization of liaison and lead counsel as a method of minimizing the costs of coordinated or consolidated pretrial proceedings. Manual for Complex Litigation, Part I, §§ 1.90–1.93 (1973). In addition, expenses of counsel in attending depositions could be avoided by an order of the transferee court providing for a delayed examination by parties who are unable to attend the deposition or believe the deposition will not affect their interests. *See* Manual, *supra* Part I, § 2.31.

The District of Nebraska, the Western District of Missouri and the Northern District of Texas have been suggested by the parties as the transferee forum for this litigation. We find that the Western District of Missouri is the most appropriate transferee district because the relevant government records are located at the office of the Agricultural Stabilization and Conservation Service in Kansas City; five of the present actions are pending in that district; and it is a conveniently central location for all actions involved in the litigation.

It Is Therefore Ordered that the actions listed on the attached Schedule A be, and the same hereby are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable William H. Becker for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

---

2. It appears from the briefs and oral argument presented to the Panel that these common questions of fact were not resolved in the prior grain shipments litigation.

## SCHEDULE A

### Western District of Missouri

| | |
|---|---|
| United States v. Union Pacific Railroad Company | Civil Action No. 73 CV 4–W–3 |
| United States v. Chicago & North Western Railway Co. | Civil Action No. 73 CV 3–W–4 |
| United States v. Norfolk & Western Railway Co. | Civil Action No. 73 CV–11–W–4 |
| United States v. Chicago, Milwaukee St. Paul & Pacific Railroad | Civil Action No. 73 CV 12–W–4 |
| United States v. Burlington Northern, Inc. | Civil Action No. 73 CV 14–W–4 |

### Northern District of Texas

| | |
|---|---|
| United States v. Colorado & Southern Railway Co. | Civil Action No. 3–6705–C |
| United States v. Fort Worth & Denver Railway Co. | Civil Action No. 3–6706–D |
| United States v. St. Louis Railway Lines | Civil Action No. 3–6707–D |
| United States v. Atchison, Topeka & Santa Fe Railway Co. | Civil Action No. 3–6710–C |
| United States v. Chicago, Rock Island & Pacific Railroad Co. | Civil Action No. 3–6711–E |
| United States v. Missouri Pacific RR Co. | Civil Action No. 3–6709–E |

### District of Maryland

| | |
|---|---|
| United States v. Western Maryland Ry. Co. | Civil Action No. 73–27–K |

### District of Columbia

| | |
|---|---|
| United States v. Penn Central Trans. Co. | Civil Action No. 82–73 |
| United States v. Baltimore & Ohio Railroad Co. | Civil Action No. 81–73 |

### Southern District of Texas

| | |
|---|---|
| United States v. Southern Pacific Trans. Co. | Civil Action No. 73–H–491 |