**In re Multidistrict Civil Actions Arising from the AIR CRASH DISASTER AT FALLS CITY, NEBRASKA ON AUGUST 6, 1966.**

**No. 17.**

Judicial Panel on Multidistrict Litigation.

May 2, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, and STANLEY A. WEIGEL, Judges of the Panel.

**1324**

## OPINION AND ORDER

EDWARD WEINFELD, Judge of the Panel.

A Braniff Airways BACl-11 broke up in flight and crashed near Falls City, Nebraska on August 6, 1966. The 38 passengers and four crew members aboard the aircraft were killed and the aircraft was totally destroyed. There are presently 21 cases arising from this disaster pending in five different federal district courts,[1] clearly *multidistrict litigation.* (See Schedule A.) The parties to these cases were ordered to show cause why the cases should not be consolidated for pretrial proceedings under 28 U.S.C. § 1407, and a hearing was held to consider arguments of all interested parties.

There is no doubt that this type of litigation arising out of a single disaster involves common questions of fact or that the convenience of parties and witnesses is generally furthered by consolidation under Section 1407. However, each application must be considered upon its merits and in relation to particular problems in the various pending suits which are the subject of the motion for consolidation or coordinated pretrial proceedings.

The majority of the cases pending in the Northern District of Illinois and the Southern District of New York have proceeded with the greatest expedition. In fact, the claims of the plaintiffs in the Northern District of Illinois have been settled. While plaintiffs in those suits no longer have an interest, since they have been paid, those cases are still at issue upon the cross-claims of the defendants British Aircraft Corp. and Braniff Airways, Inc. In addition, substantial venue and service questions still remain in those actions. The New York cases have been the subject of extensive pre-trial discovery which has about been completed, and the cases are about ready for trial. It does not appear there are venue and service problems in the New York action.

In the Nebraska and other actions, pretrial procedure has not been as advanced as in the instance of the Southern District of New York. In the Nebraska actions questions of venue and amenability to service of process have been raised and are not finally settled. In some of the actions pending in the Northern District of Texas questions of venue and service have also been raised. In other actions in that district these questions do not exist.

Under all these circumstances, to effect a transfer at this time of the New York actions would serve to delay the trial of those litigants who have been diligent in prosecuting their claims and would not promote the "just and efficient conduct" of those actions. An added factor that militates against a transfer at this time under Section 1407 is the outstanding and substantial venue and service question still unresolved in the Illinois, Texas and Nebraska District Court actions. Such undetermined issues will not be resolved by a transfer under Section 1407, whereas transfers to the Southern District of New York under Section 1406, if warranted, will resolve the venue and service problems now existing in some of those cases;[2] in the others, transfer may be effected under Section 1404(a). Thus, where appropriate, consolidation and coordination of all these cases for all purposes may be achieved by transfers under Section 1406 in some cases and under Section 1404(a) in others.

For reasons stated, it is hereby

Ordered that no transfer of any of these actions under Section 1407, Title 28, U.S.C., be made at this time, but with-

---

1. The claims of all plaintiffs in the actions filed in the Northern District of Illinois have been satisfied and the only issue remaining is which defendant, Braniff Airways, Inc. or British Aircraft Corp., was responsible for the crash.

2. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Dubin v. United States, 380 F.2d 813 (5th Cir. 1967).

out prejudice to subsequent motions for such transfer or order of the Panel to show cause why such transfers should not be made.

## SCHEDULE A

### District of Nebraska

1. Grace Welter, etc., v. Braniff Airways, Inc. — Civil Action No. 3008
2. John Deines, etc. v. Braniff Airways, Inc., et al. — Civil Action No. 2595
3. Agnes Mary Brisbane, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 3105
4. Donald G. Pauly, Jr., etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 3106
5. Patricia L. Hilliker, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 3107

### Northern District of Texas

6. Agnes Mary Brisbane, etc. v. British Aircraft Corp., Ltd. — Civil Action No. 3–2676–C
7. Patricia L. Hilliker, etc. v. British Aircraft Corp., Ltd. — Civil Action No. 3–2677–C
8. Donald G. Pauly, Jr., etc. v. British Aircraft Corp., Ltd. — Civil Action No. 3–2678–C
9. Agnes Mary Brisbane, etc. v. British Aircraft Corp. (U.S.A.), Inc. — Civil Action No. 3–2730–C
10. Donald G. Pauly, Jr., etc. v. British Aircraft Corp. (U.S.A.), Inc. — Civil Action No. 3–2731–A
11. Patricia L. Hilliker, etc. v. British Aircraft Corp. (U.S.A.), Inc., etc. — Civil Action No. 3–2732–C

### Southern District of New York

12. Cecil P. Jacobson, etc. v. Braniff Airways, Inc., et al. — Civil Action No. 68 Civ. 1959
13. Elaine D. Eschbach, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 68 Civ. 1979
14. Olga Johnson, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 67 Civ. 795
15. Marie L. Graeber, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 67 Civ. 794
16. Bill Rush Mosby, Jr., etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 67 Civ. 793
17. Donna Wright, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 67 Civ. 677
18. Morgan W. Mills, etc. v. Braniff Airways, Inc., et al. — Civil Action No. 67 Civ. 929
19. Robert Leroy Kuhr, etc. v. British Aircraft Corp., Ltd., et al. — Civil Action No. 67 Civ. 3827

### District of Columbia

20. Edward Ryant Dyer, Jr., etc. v. Braniff Airways, Inc., et al. — Civil Action No. 2054–67

### Northern District of Illinois

21. Frederick Mayer, etc. v. Braniff Airways, Inc., et al. — Civil Action No. 66 C 2164