**In re Multidistrict Patent and Antitrust Litigation Involving KORATRON.**

**No. 20.**

Judicial Panel on Multidistrict Litigation.

June 19, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, WILLIAM H. BECKER,* JOSEPH S. LORD, III, EDWIN A. ROBSON, STANLEY A. WEIGEL, and EDWARD WEINFELD, Judges of the Panel.

## OPINION AND ORDER

JOHN MINOR WISDOM, Judge of the Panel.

Koratron Company, Inc. is a California corporation with its principal offices in San Francisco. The Company employs a patented process for manufacturing "permanent press" garments which are washable yet retain their shape and creases without being ironed. Koratron has 365 licensees in the United States: 257 are garment manufacturers licensed to use the patented process, and the rest are textile mills and others licensed to use Koratron's trademark.

Koratron is now in sixteen cases originally filed in six different district courts.[1] Ten are pending in California,

---

* Judge Becker did not participate in this decision.

1. Three of these cases are on appeal: Koratron v. Cowden and Koratron v. Deering Milliken in the Northern District of

California and Cowden v. Koratron in the Eastern District of Kentucky. Because of the possibility of these cases being remanded to the district court for further proceedings, the Panel included the parties in the show cause order.

nine of which are in the Northern District of California.[2] There is one case in the Southern District of New York, one in the District of Colorado, one in the Eastern District of Kentucky, and one in the Northern District of Georgia.

Stated generally, all of these actions turn on whether Koratron used its patents, trademarks, and licensing agreements to create a monopoly in restraint of trade.[3] There is no doubt that the actions involve one or more common questions of fact and that Section 1407(a) was designed for actions of the type now before us. The only question is which forum is most appropriate "for the convenience of parties and witnesses" and will best "promote the just and efficient conduct for such actions", in accordance with the statutory objectives of Section 1407(a).

The cases may be divided into three groups: (1) the patent licensee cases, (2) the Kotzin case, and (3) the Deering Milliken cases.

## I. The Patent Licensee Cases.

Thirteen of the sixteen cases are between Koratron and garment manufacturers licensed to use Koratron's patents.[4] In each of the thirteen cases, except Oxford Industries, Inc. v. Koratron Company, Inc., Koratron sued a garment manufacturer for failure of the licensee to pay royalties. The licensees responded by attacking the scope and validity of the patent and alleged that Koratron had violated the antitrust laws, In each case the licensee contended that its business had been damaged as a result of a secret agreement between Koratron and Dan River Mills.

Dan River Mills agreement is the starting point for most of this litigation. All of the licensee agreements contain a "most favored royalty" provision which in essence provides that any licensee shall be entitled to the benefit of any more favorable terms subsequently granted to another licensee. Under the Dan River Mills agreement with Koratron, however, Dan River is not required to pay royalties to Koratron for the use of its patent. The other garment manufacturers now want the benefit of this agreement i.e. royalty free use of the patent and a refund of all royalties paid after the date of the Dan River Mills agreement. Koratron contends that the Dan River Mills agreement is void since

---

2. Four of the cases now pending in the Northern District of California, Blue Bell, Inc. v. Koratron, Henry I. Siegel Co. v. Koratron, Salant & Salant, Inc. v. Koratron and Standard Romper, Inc. v. Koratron were initially filed in the Southern District of New York and transferred to the Northern District of California under Section 1404(a), Title 28, U.S.C.

3. The issues may be divided and classified as follows:

1. Actions brought by Koratron to establish the validity and infringement of its patent. (1 case)
2. Actions by Koratron to compel arbitration of the disputes between it and certain licensees. (2 cases)
3. Actions by Koratron to seek payment of royalties under the licensing agreement. (3 cases)
4. Actions by non-licensee infringers for a declaration that the patents are invalid and/or not infringed.

5. Actions brought by licensees involving one or more of the following issues:
 a. validity and infringement of pattent
 b. illegality of license agreements
 c. Koratron's alleged monopoly in restraint of trade
 d. illegal extension of patent monopoly
 (9 cases)

4. The adverse parties, defendants in some cases, plaintiffs in others are: Jack Winter, Inc., Armory Garment Company, Metro Pants Company, Haggar Company and Levi Strauss & Company (filed in the Northern District of California); Henry I. Siegel Company, Inc., Bluebell, Inc., Standard Romper Company and Salant & Salant, Inc. (originally filed in the Southern District of New York but transferred under § 1404(a) to the Northern District of California), Bayly Manufacturing Company (District of Colorado); and Cowden Manufacturing Company (Northern District of California and Eastern District of Kentucky).

it was induced by fraud and coercion. Koratron has brought third party actions against Dan River Mills. Common questions of fact relating to this agreement and its effect on the prior licenses make § 1407 clearly applicable to these cases.

The *Oxford* case at present involves only the effect of the *Dan River Mills* agreement on the contractural relationship between Koratron and Oxford. Recognizing these common questions of fact all the parties in the patent licensee cases except *Oxford* agree that some type of consolidation of these cases is appropriate and necessary for their just and efficient conduct. Koratron would like to have all cases transferred to the Northern District of California under § 1404(a) while other parties favor the more limited transfer for consolidated or coordinated pretrial proceedings under § 1407. Sections 1404(a), 1406(a), and 1407 are not mutually exclusive and, when appropriate, should be used in concert to effect the most expeditious disposition of multidistrict litigation. Compare In re Hendersonville Air Disaster Cases, 297 F.Supp. 1039 (Jud.Pan. on Mult.Lit.1969) with In re Falls City, Nebraska Aircrash Litigation, 298 F. Supp. 1323 (Jud.Pan. on Mult.Lit.1969).

At the hearing before the Panel, counsel for *Oxford* strongly opposed the inclusion of that case in any consolidated or coordinated pretrial proceedings. Although conceding that there was a common party, a common licensee agreement between the parties, and common questions of fact concerning the *Dan River Mills agreement,* counsel urges that this simple case will be delayed and the ends of justice abused by including it with the other more complicated actions. We hold that these common questions of fact require that this case be included for consolidated or coordinated pretrial purposes. If this case and its concomitant discovery are as simple as counsel urges, it may be remanded as soon as that limited discovery is completed.

## II. The Kotzin Case

A-1 Kotzin Company, a Los Angeles garment manufacturer which has never been licensed under any Koratron patent, is the defendant in a patent infringement action brought by Koratron in the Central District of California. In addition to denying infringement, Kotzin responded to the charges by attacking the validity of the Koratron patent and by raising antitrust claims similar to those presented in the *patent licensee cases.* This was the first case filed and substantial discovery has occurred already. Counsel for Kotzin does not oppose the inclusion of this case in consolidated or coordinated pretrial proceedings. We hold that there are sufficient common questions of fact to justify its transfer under § 1407.

## III. The Deering Milliken Cases

Koratron commenced an action against Deering Milliken, a mill licensee, in the Northern District of California. Shortly thereafter Deering Milliken sued Koratron in the Southern District of New York. The California case is presently on appeal to the Ninth Circuit while the New York case has been stayed pending determination of venue questions being raised in the appeal. Regardless of whether venue is properly laid in New York there can be no doubt that pretrial proceedings should be conducted in a single court. These cases more nearly resemble the *Kotzin* case since patent validity is a major issue and it is clear that they would benefit from consolidated or coordinated pretrial proceedings.

## IV. Choice of Forum

Deering Milliken argues strongly that the appropriate forum for coordinated or consolidated pretrial proceedings is "where the action is". In the garment industry the action is in New York. A large number of Koratron's licensees are located in the East, and it is reasonable to conclude that additional cases will be filed in the Southern District of New York. Bayly Manufacturing Co., the

Colorado plaintiff, supports Deering Milliken's position.

Koratron and the California plaintiffs favor the Northern District of California.

We cannot deny that the selection of either coastal district will result in substantial inconvenience and additional cost to those parties and their attorneys who will be required to travel across-country for pretrial proceedings. However nearly all favor consolidated pretrial proceedings and thus there must be inconvenience to some. Any inconvenience and added expenses "will be more than offset by savings from, and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge." In re Antibiotic Drug Litigation, 295 F.Supp. 1402, 1404 (Jud.Pan. on Mult.Lit.1968).

 We find arguments favoring the Northern District of California the most compelling. Nine of these 13 transferable cases are now pending in the Northern District of California. This fact is not dispositive of the question, but it is certainly relevant to the selection of a proper transferee forum. In re Protection Device Cases, 295 F. Supp. 39 (Jud.Pan.Mult.Lit.1968). The fact that virtually all the documentary evidence involving the *Dan River Mills* agreement will come from Koratron's corporate offices and its officers all of whom are located in the San Francisco area is particularly significant due to the important role played by that agreement. As Judge Ryan held in transferring *Siegel* to the Northern District of California:

"While plaintiff [Siegel] is directly involved with one action pending in this District, defendant [Koratron] is faced with many actions or claims resulting from a great many licenses. The earliest actions were instituted in California and have been consolidated. Many of defendant's key witnesses will be common to all of the actions and obviously the convenience of defendant and also the witnesses would be served by trial in a single forum.

\* \* \* \* \* \*

The pendency of other actions in California, which have already been consolidated, appears to be a most compelling reason for transfer \* \* \* 'there is a strong policy favoring the litigation of related claims in the same tribunal' \* \* \*

"After considering all of the relevant factors, I conclude that the convenience of parties and witnesses and the interest of justice would be best served by transferring this action to the United States District Court for the Northern District of California."

IT IS THEREFORE ORDERED that the following four cases now pending elsewhere are hereby transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 to the Northern District of California:

| | | |
|---|---|---|
| Deering Milliken, Inc. v. Koratron Co., Inc. | S.D. New York | 67 Civ. 2383 |
| Bayly Manufacturing Co. v. Koracorp Inc., et al. | Colorado | C-1109 |
| Koratron Co., Inc. v. A-I Kotzin Co. | C.D. Calif. | 67-1264-PH |
| Oxford Industries, Inc. v. Koratron Co., et al. | N.D. Georgia | 12557 |

———◆———

The Chief Justice of the United States has temporarily assigned Judge William E. Doyle of the District of Colorado to the Northern District of California and Chief Judge Harris has consented to the assignment of these cases to Judge Doyle.