**In re KORATRON Patent Litigation.**

*Koratron Company, Inc. v. Lion Uniform, Inc. (S.D. Ohio, No. 3833).*

**Docket No. 20.**

Judicial Panel on Multidistrict Litigation.

June 10, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

On November 28, 1969, Koratron Company, Inc. brought a patent infringement action in the United States District Court for the Northern District of California against Lion Uniform, Inc. That action was assigned to Judge William E. Doyle to whom all such actions had been assigned following transfer under 28 U.S.C. Section 1407. In re Koratron Patent Litigation 302 F.Supp. 239 (JPML 1969). On March 6, 1970, Judge Doyle dismissed that action for lack of venue under 28 U.S.C. Section 1400(b) and Koratron perfected an appeal to the United States Court of Appeals for the Ninth Circuit.

Shortly thereafter Koratron brought a virtually identical action against Lion in the Southern District of Ohio where venue is apparently not disputed. We then entered a "conditional transfer order" pursuant to Rule 12 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* transferring this action to the Northern District of California for coordinated or consolidated pretrial proceedings and with the prior consent of that court assigning it to Judge Doyle. Lion filed a timely notice of opposition and motion to vacate and brief in support; and the "conditional transfer order" was stayed indefinitely. No party has requested a hearing and we have not determined that one is necessary.

Perhaps we would have been more persuaded by the brief in support of Lion's motion to vacate if we could accept counsel's characterization of the issue before us.[1] But that issue is not whether the second action should be stayed but whether it should be transferred to the Northern District of California for pretrial proceedings under Section 1407. Since this action is said to be virtually identical with the previous action commenced in the Northern District of California there can be little doubt that it contains questions of fact common to the other actions involved in this multidistrict litigation nor can it be gainsaid that such a transfer would greatly inconvenience this defendant. We are convinced that transfer of this action to the Northern District of California and its assignment to Judge Doyle will promote the just and efficient conduct of this litigation. The dismissal of the prior action against defendant for lack of venue was without prejudice to the pending action. Whether this action should be stayed pending resolution of the pending appeal or whether the defendant should be required to participate in pretrial proceedings is a matter to be decided by the transferee judge.

It is therefore ordered that the defendant's motion to vacate is denied and the stay of the May 8, 1970 conditional transfer order is hereby lifted. The Clerk of the Panel is directed to transmit a certified copy of that order to the Clerk of the Northern District of California for filing pursuant to 28 U.S.C. § 1407(c).

---

[1] In his motion and brief counsel states that: "The single issue on this motion is whether a plaintiff who has appealed from dismissal of an action in one United States District Court can properly force the defendant to the trouble and expense of concurrently defending such appeal, and also of trying a second latter filed action in another district court by the same plaintiff against the same defendant on the same issues".