**In re Multidistrict Civil Actions Involving the AIRCRASH NEAR DUARTE, CALIFORNIA, ON JUNE 6, 1971.**

**MDL No. 106.**

United States District Court, C. D. California.

March 19, 1973.

Lord, Bissel & Brook, Chicago, Ill., and Shield & Smith, Los Angeles, Cal., for Hughes Air Corp.

Robert L. Meyer, U. S. Atty., and James Stotter, II, Asst. U. S. Atty., Los Angeles, Cal., for United States.

Vincent H. D. Abbey, Seattle, Wash., Belcher, Henzie & Biegenzahn, Los Angeles, Cal., Bronson, Bronson & McKinnon, Lawrason Driscoll, San Francisco,

Cal., Butler, Jefferson & Fry, Hart & Mieras, Lawler, Felix & Hall, Loeb & Loeb, Los Angeles, Cal., Vincent Pettit, Inglewood, Cal., Garth S. Pincock, Pocatello, Idaho, Prince, Mangum, Yeates & Miller, Ray, Quinney & Nebeker, Salt Lake City, Utah, Eugene J. Craig, Seattle, Wash., Jay H. Davison, Covina, Cal., Demanes & Sanders, Burlingame, Cal., Irving S. Feffer, Los Angeles, Cal., Feist, Vetter, Knauf & Loy, Oceanside, Cal., Offices of Ned Good, Goodman Hirschberg & King, Magana & Cathcart, Margolis, McTernan, Smith, Scope & Sacks, John T. McTernan, Los Angeles, Cal., Miller, Bronn, Brummett & Porter, Long Beach, Cal., Aaron P. Moss, Van Nuys, Cal., Arthur H. Nielsen, Salt Lake City, Utah, Oliver, Sloan, Vargas, Shaffer & Lindvig, Richard L. Oliver, Los Angeles, Cal., Ben Peterson, Pocatello, Idaho, Roberts, Poole & Robson, Theron E. Roberts, Boise, Idaho, Jerry N. Roth, Beverly Hills, Cal., Lloyd E. Somogyi, San Luis Obispo, Cal., Sonenshine & Armstrong, Newport Beach, Cal., Walkup, Downing, Sterns & Poore, Terence J. O'Reilly, San Francisco, Cal., for plaintiffs.

## ORDER TRANSFERRING ALL CASES NOT ORIGINATING IN THIS DISTRICT TO THIS DISTRICT ON ALL ISSUES FOR ALL PURPOSES

PEIRSON M. HALL, District Judge.

The Court has concluded, *sua sponte*, that all of the cases not originating in this District and originally filed in other Districts which are covered by the above MDL No. 106 should be transferred to this District on all issues and for all purposes.[1]

Seventy-two actions were filed in various United States District Courts for the wrongful deaths of the entire forty-nine occupants of an Air West passenger plane which crashed upon collision with a Marine jet on June 6, 1971. Most of the actions were originally filed in this District. A number were filed in other Districts, the titles and numbers of which are hereinafter indicated. They have been transferred by the Judicial Panel on Multidistrict Litigation to this District under 28 U.S.C. § 1407, under MDL Docket No. 106, see 346 F. Supp. 529.

On the hearing of the motion to transfer under 28 U.S.C. § 1407 various plaintiffs in other Districts than this one urged that any transfer under § 1407 should be limited to discovery on the issue of liability only. The Court specifically held that it could not sever and transfer a single issue but that the whole action must be transferred, and stated, *inter alia*:

"It (the Act, 28 U.S.C. 1407) does not authorize the Panel to transfer one issue raised by a claim, such as liability, while remanding another issue raised by the same claim such as damages. For this reason we deny respondents' request. Cf. In re Antibiotic Drugs Antitrust Litigation, 299 F. Supp. 1403 (Jud.Pan.Mult.Lit., 1969); In re Air Crash Disaster at Greater Cincinnati Airport, 298 F.Supp. 353 (Jud.Pan.Mult.Lit., 1968). We also think it more conducive to effective judicial management to allow the transferee judge to determine whether and to what extent discovery on separate issues is appropriate for coordinated or consolidated pretrial proceedings. See, In re San Juan, Puerto Rico Air Crash Disaster, 316 F.Supp. 981 (Jud. Pan.Mult.Lit., 1970)."

The Judicial Panel on Multidistrict Litigation then ordered all the cases then pending in this District, as well as the cases pending in the District of Utah and then pending in the District of Washington, transferred to this District and to the undersigned Judge for

---

1. 28 U.S.C. Sec. 1404(a) has been construed to permit transfer by the court *sua sponte*.

Kansas City Power & Light Co. v. I-T-E Circuit Breaker Co. (W.D.Mo. 1965), 240 F.Supp. 121, aff'd. sub nom. I-T-E Circuit Breaker v. Becker (8 Cir. 1965), 343 F.2d 361–363.

coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Additional cases have since been filed and transferred.[2]

The *Kalbfleisch* case, No. 71–2878, was filed in the Northern District of California and transferred here under 1404. The *Judith Wilkerson* case was filed in the Northern District of California and was later filed or transferred here.

Rule 15(b) of the Rules on Multidistrict Litigation, 28 U.S.C. § 1407—15 (b), [formerly 15(e)] provides as follows:

"(b) Each transferred action that has not been terminated in the transferee court will be remanded to the transferor district for trial, *unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. 1404(a)* or 28 U.S.C. 1406. In the event that the transferee judge transfers an action under 28 U.S.C. 1404(a) or 1406, an order of remand shall not be necessary to authorize further proceedings including trial." (Emphasis supplied.)

Section 1407(a) provides, among other things, that "each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred *unless it shall have been previously terminated:* . . ."

It is settled that when an action is transferred by the Panel, until the time it is remanded, the transferor court is without authority to issue any orders or to entertain a Sec. 1404(a) motion or any other motion. In the *Plumbing Fixture* case, 298 F.Supp. 484, Jud.Pan. Mult.Lit., 1968, the Court held that a transfer under Sec. 1407 was a change of venue for pretrial purposes, and that in such instance,

"* * * * the overwhelming authority holds that the jurisdiction and powers of the transferee court are co-extensive with that of the transferor court; that the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer. 92 C.J.S. Venue § 207 pp. 980–981 and cases therein cited, cf. Greve v. Gibralter Enterprises (D. N.M.) 85 F.Supp. 410, l. c. 414; *that after an order changing venue the jurisdiction of the transferor court ceases; and that thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect.* Phebus v. Search (C.A. 8) 264 F. 407, l. c. 409; 21 C.J.S. Courts § 517a; 20 Am.Jur.2d § 149; 56 Am.Jur. Venue, § 78, p. 79. These principles are applicable to a transfer under Section 1407 from the time of entry of the order of transfer until the time of entry of an order of remand." (Emphasis supplied.)

Other cases giving consideration to the matter of transfer of Multidistrict Litigation by the transferee court are as follows:

In re Antibiotic Antitrust Actions (S. D.N.Y.1971), 333 F.Supp. 299–303;

Pfizer, Inc. v. Lord (2 Cir. 1971), 447 F.2d 122;

In re Mid-Air Collision near Fairland, Ind. (Jud.Pan.Mult.Lit.1970), 309 F. Supp. 621, Fn. 6, p. 623;

Koratron Patent Litigation (Jud.Pan. Mult.Lit.1969), 302 F.Supp. 239;

Jack Winter, Inc. v. Koratron Co. (N. D.Cal.1971), 326 F.Supp. 121, 123;

In Re Plumbing Fixture cases (1968), 298 F.Supp. 484, 485, 496;

City and County of Denver v. American Oil Co., No. 70–471, N.D.Cal., June 5, 1970;

McDonnell-Douglas v. Polin, 429 F.2d 30 (3 Cir. 1970);

In Re Puerto Rico Air Disaster Litigation, 340 F.Supp. 492 (D.C.1972).

---

2. See supplemental Orders of February 1, 1973, 354 F.Supp. 278 (Jud.Pan.Mult. Lit.); September 25, 1971; December 12, 1972; August 28, 1972.

Sec. 1404(a) of Title 28 sets forth certain criteria for transfer of cases from one district to another. It reads:

"§ 1404. *Change of venue*

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ There is only one operative set of facts for the determination of liability. To remand the cases to the various courts for trial after the completion of discovery would require trials on the merits in three different districts. No matter how much some counsel may puff their own claims of ability to secure swift judgments on liability in such cases and demean all other counsel's ability, the raw, hard, and inescapable fact is that such trials, at best, require extensive and intensive preparation and skill and are usually prolonged, and may produce different results in different districts. Such a result in this case is certainly not "in the interest of justice" nor "for the convenience of witnesses." Moreover, each of the cases transferred here "might have been brought" in this district.

Federal Rules of Civil Procedure, Rule 23(e), provides:

(e) *Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

■ The Court has held that the *Gable* actions were filed and should be maintained (i. e., that they were class actions from the beginning) as class actions on the question of liability, including the within class of passengers of Air West. Thus in addition to the loss of power of any originating court other than this one to make any orders, F.R. C.P. 23(e) does not permit any other court to make any orders approving dismissals or compromises of any claim of any member of the class.

In view of all the foregoing, and in view of the fact that the courts in which the cases were originally pending now have no jurisdiction to enter any kind of an order, and in view of the fact that the Court is constantly called upon to make orders which directly or indirectly affect all such cases,[3] the Court concludes that it is in the interest of justice that all of the cases not originating in this District which are covered under the above-numbered Multidistrict Litigation be and

It is hereby ordered that they are transferred to the Central District of California on all issues for all purposes.

The cases are as set forth in Exhibit "A" appended hereto. This Order is effective immediately.

# APPENDIX

Exhibit A

JUDITH V. WILKERSON, Individually, and as Administratrix of the Estate of Theodore W. WILKERSON, Deceased, Plaintiff,
v.
HUGHES AIR CORPORATION, a corporation doing business as Hughes Air West, McDonnell Douglas Corporation, a corporation, Defendants.

HUGHES AIR CORPORATION, doing business as AIR WEST, Third-Party Plaintiff,
v.
UNITED STATES OF AMERICA, Third-Party Defendant.
MDL #106
C.Dist.Cal. 72–469–PH
N.Dist.Cal. C–71–2318

COY M. MORRIS and BRADLEY MAJOR MORRIS and BRYAN DINWOODEY MORRIS, minors, by and through COY M. MORRIS, their Guardian, LISA DIANE MORRIS, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

3. About 30 of such orders have heretofore been made.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1825–PH
Dist. of Utah C–73–72

MARIAN C. DUNN and JEFFREY CRAIG DUNN, CARY CLARK DUNN and SCOTT ELLISON DUNN, minors, by and through MARIAN C. DUNN, their Guardian, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1828–PH
Dist. of Utah C–74–72

ALICE W. MANGUM and JOHN K. MANGUM, JR., GEOFFREY W. MANGUM, MICHAEL P. MANGUM and MELLISSA MANGUM, minors by and through ALICE W. MANGUM, their Guardian, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1829–PH
Dist. of Utah C–75–72

JEANNE PYKE, DIANNE PYKE, GAYLE PYKE, and ROBERT PYKE, and SCOTT PYKE, minors, by and through JEANNE PYKE, their Guardian ad Litem, and LYALL S. PYKE, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1846–PH
Dist. of Utah C–76–72

JEANNE M. PYKE and F. GREGORY PYKE and STEPHANIE PYKE, minors by and through JEANNE M. PYKE, their Guardian ad Litem, and LYALL S. PYKE, Plaintiffs,
v.
UNITED STATES OF AMERICA, and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1847–PH
Dist. of Utah C–77–72

AFTON G. ALLEN, CARL P. ALLEN, BECKY A. SARGENT and LESLIE ALLEN, a minor by and through her guardian ad Litem AFTON G. ALLEN, and HANNAH B. ALLEN, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1848–PH
Dist. of Utah C–78–72

VIRGINIA H. PYKE and CATHERINE ANNE PYKE and STEVEN NELSON PYKE, minors, by and through their Guardian ad Litem VIRGINIA H. PYKE, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1869–PH
Dist. of Utah C–80–72

JANET T. SCHOENHALS and ROBERT E. SCHOEN-HALS, JR., SUSAN SCHOENHALS and MARY LYNN SCHOENHALS, minors, by and through their guardian ad Litem, JANET T. SCHOENHALS, Plaintiffs,
v.
UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,
v.
HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,
v.
UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1870–PH
Dist. of Utah C–81–72

**1018**

JOHN JAY GARCIA, SEAN JAY GARCIA and BRET MICHAEL GARCIA, minors, by and through JOHN JAY GARCIA, their Guardian ad Litem and WILLIAM E. HATHAWAY and IZOLA W. HATHAWAY, Plaintiffs,

v.

UNITED STATES OF AMERICA, Defendant.
MDL #106
C.Dist.Cal. 72–1872–PH
Dist. of Utah C–92–72

A. KREHL SMITH, Individually and as Administrator of the Estate of SPENCER EARLE SMITH, Deceased, Plaintiff,

v.

UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

UNITED STATES OF AMERICA, Cross-Claimant,

v.

HUGHES AIR CORPORATION, Cross-Defendant.

HUGHES AIR CORPORATION, Cross-Claimant,

v.

UNITED STATES OF AMERICA, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–1930–PH
Dist. of Utah C–135–72

LELAND A. HARWARD and PHYLLIS HARWARD, husband and wife, Plaintiffs,

v.

UNITED STATES OF AMERICA and HUGHES AIR CORPORATION, Defendants.

HUGHES AIR CORPORATION, Cross-Claimant,

v.

UNITED STATES OF AMERICA, Cross-Defendant.

UNITED STATES OF AMERICA, Cross-Claimant,

v.

HUGHES AIR CORPORATION, a Delaware Corporation, doing business as AIR WEST and HUGHES AIR WEST, Cross-Defendant.
MDL #106
C.Dist.Cal. 72–2116–PH
Dist. of Idaho 1–72–71

CAROL NICOLAY, Individually and as Executrix of the Estate of THEODORE NICOLAY, Plaintiff,

v.

UNITED STATES OF AMERICA, Defendant.
MDL #106
C.Dist.Cal. 72–1873–PH
W.Dist.Wash. 262–72C2

ETTA MAE BRUNER, Individually and as Executrix of the Estate of PRICE BRUNER, Deceased, Plaintiff,

v.

UNITED STATES OF AMERICA, Defendant.
MDL #106
C.Dist.Cal. 72–1874–PH
W.Dist.Wash. 329–72C2

RAYMOND J. SHELTON, Individually and as Executor of the Estate of PATRICIA A. SHELTON, Deceased, Plaintiff,

v.

UNITED STATES OF AMERICA, Defendant.
MDL #106
C.Dist.Cal. 72–3003–PH
W.Dist.Wash. 756–72C2

JAMES S. PHILLIPS, and MABELLE O. BROTHERS, Natural parents of James R. Phillips, Deceased, Plaintiffs,

v.

HUGHES AIR CORPORATION, doing business as AIR WEST, Defendant.
MDL #106
C.Dist.Cal. 73–263–PH
Washington, D.C.  1108–72