In re **DISPOSABLE DIAPER PATENT VALIDITY LITIGATION.**

No. 136.

Judicial Panel on Multidistrict Litigation.
Aug. 21, 1973.

See also D.C., 348 F.Supp. 1265.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

This patent litigation consists of three actions in two different districts con-cerning the validity and enforceability of the Proctor and Gamble (hereinafter P&G) patent on disposable paper diapers. Both U. S. Industries, Inc. (hereinafter U.S.I.) and Weyerhaeuser Company manufacture and sell disposable paper diapers which P&G has alleged infringes its patent. Weyerhaeuser moves the Panel for an order transferring all actions to a single district for coordinated or consolidated pretrial proceedings. U.S.I. favors transfer only to the Southern District of New York; P&G opposes transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

In March 1972 U.S.I. filed a declaratory judgment action against P&G in the Southern District of New York asserting that the disposable diaper patent was invalid and not infringed. U.S.I. also asserted antitrust and unfair competition claims based on the invalidity of the patent. In January 1973 P&G filed an infringement action against Weyerhaeuser in the Northern District of Illinois. Shortly thereafter, Weyerhaeuser filed a declaratory judgment action against P&G in the Western District of Washington asserting the same claims as those asserted by U.S.I. in the New York action. The Weyerhaeuser declaratory judgment action, however, has since been transferred under Section 1404(a) to the Northern District of Illinois. As a result, there are two actions pending in the Northern District of Illinois and one in the Southern District of New York.

Movant Weyerhaeuser contends that the issue of patent validity is common to all actions and that transfer is necessary in order to avoid duplication of discovery. Although there is a possibility of some duplication of discovery between the Chicago and New York actions regarding the validity of the P&G patent, the reasons for denying transfer, on balance, are more compelling.

---

[*] Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

We have previously denied transfer when certain actions in the litigation were proceeding expeditiously toward trial. In re Falls City, Nebraska, Air Disaster Litigation, 298 F.Supp. 1323, 1324 (Jud.Pan.Mult.Lit.1969). And in one of the Chicago actions, the court has ordered a discovery cutoff date of September 28, 1973, and plans to set a trial date for October or November. Thus, because of the imminency of trial in that action, we are not convinced that transfer of these actions for coordinated or consolidated pretrial proceedings at this time will serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, especially since the entire litigation involves only three actions pending in two different districts. Furthermore, if the Illinois court holds the P&G patent invalid, the application of the estoppel rule of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), could eliminate any need for further discovery or trial concerning the validity of the P&G patent.

It is therefore ordered that the motion for transfer of the actions listed on the attached Schedule A be, and the same hereby is, denied.

SCHEDULE A      DOCKET NO. 136

### SOUTHERN DISTRICT OF NEW YORK

U. S. Industries, Inc. v. The Proctor & Gamble Co.      Civil Action No. 72 Civ. 1351 (ELP)

### NORTHERN DISTRICT OF ILLINOIS

The Procter & Gamble Co. v. Weyerhaeuser Co.      Civil Action No. 72 C 237

Weyerhaeuser Co. v. Procter & Gamble Co.      Civil Action No. 73 C 616