**In re MT. VERNON, ILLINOIS, TIMES SQUARE SHOPPING CENTER CONTRACT DISPUTE LITIGATION.**

**No. 219.**

Judicial Panel on Multidistrict Litigation.

Dec. 4, 1975.

OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

This litigation involves two actions in two different districts: one in the Eastern District of Missouri and the other in the Eastern District of Illinois. Both actions arise from a dispute between an owner and its general contractor over the construction of four stores that collectively form a shopping center project known as the Times Square Mall Shopping Center. One of the parties, Commercial & Investment Builders, Inc.

(hereinafter referred to as CIB), moves the Panel for an order transferring the Missouri action to the Eastern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Times Square Investment Corporation (hereinafter referred to as TSIC) opposes CIB's motion to transfer or, in the alternative, maintains that the Illinois action should be transferred to the Eastern District of Missouri. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.[1]

Between 1972 and 1973, CIB, as a general contractor, entered into four contracts with TSIC for the construction of four stores owned by the latter— Carp's Store, Super-Valu Store, Mammoth Store and the Mall area shops. All the proposed stores were to be erected in the Times Square Mall Shopping Center, located in Mt. Vernon, Illinois. In addition, St. Paul Fire & Marine Insurance Co. (hereinafter referred to as St. Paul), as surety, and CIB, as principal, executed completion bonds in favor of TSIC as obligee on the Mammoth Store and Mall area shops construction projects. TSIC employed Daniel I. Karlin & Associates as the architects for these two endeavors.

In 1974, when construction of the Carp's Store was substantially completed, TSIC terminated its relationship with CIB regarding the Super-Valu Store, the Mammoth Store and the Mall area shops projects. TSIC alleges that this termination was in accordance with the contracts and precipitated by CIB's previous breach of contract. To the contrary, CIB alleges that TSIC's act of termination was a unilateral breach of contract.

Subsequent to TSIC's act of termination, CIB filed a claim for a mechanic's lien in Illinois state court on the ground

---

* Judge Murrah did not participate in the consideration or decision of this matter.

1. The parties waived their right to oral argument and, pursuant to R.P.J.P.M.L. 14, 65

F.R.D. 253, 264 (1975), the question of transfer of these actions under Section 1407 was submitted for decision on the briefs.

that it "performed" the contracts in Illinois. CIB alleges that TSIC owed it $130,960.84 for work completed on all four contracts before TSIC breached the three contracts. CIB later commenced an action to enforce its mechanic's lien in federal court in the Eastern District of Illinois.

Shortly thereafter, TSIC sued CIB and St. Paul for $1,137,240.00 in Missouri state court for the purpose of enforcing the terms of the completion bonds furnished on the Mammoth Store and the Mall area shops contracts. Missouri was chosen for the institution of this action because this is where the contracts were "executed." The action was later removed to federal court in the Eastern District of Missouri. Subsequent to this action's removal, a third-party claim was filed by St. Paul against Daniel I. Karlin, Daniel I. Karlin & Associates and certain indemnitors.

Movant CIB contends that transfer is necessary because the completion bond action pending in Missouri and the mechanic's lien action in Illinois share common factual issues relating to: (1) whether the termination of the three contracts constituted breach of contract by TSIC, or whether the termination was proper because of CIB's prior breach of contract; (2) the value of the work completed by CIB before TSIC's termination of the three contracts; and (3) the cost to TSIC of completing the work CIB left unfinished. Accordingly, movant argues that transfer will prevent duplicative discovery on these common factual questions and avoid unnecessary inconvenience to the litigants and their witnesses.

■ We are not persuaded that Section 1407 treatment of this particular litigation would serve the convenience of the parties and witnesses and promote its just and efficient conduct. Only two relatively simple contract actions are before us. And movant has failed to demonstrate that they raise common factual questions complex enough to warrant transfer. *See In re Scotch Whiskey Antitrust Litigation,* 299 F.Supp. 543, 544 (Jud.Pan.Mult.Lit.1969). Moreover, an analysis of the docket sheets in the Missouri action reveals that discovery therein is well advanced and that the court has set the action for trial on December 15, 1975. When only a small number of actions are being considered for transfer under Section 1407, the imminency of trial of one of those actions, as is the case here, is an additional factor weighing against the institution of coordinated or consolidated pretrial proceedings. *See In re Disposable Diaper Patent Validity Litigation,* 362 F.Supp. 567, 568 (Jud.Pan.Mult.Lit.1973).

■ Finally, if any of the parties is sincerely interested in avoiding duplication of discovery, he may seek an order from the Illinois court asking all parties to show cause why discovery previously completed in the Missouri action should not be made applicable to the Illinois action. *Cf. Manual for Complex Litigation,* Parts I and II, §§ 3.11 (rev. ed. 1973).

It is therefore ordered that the motion pursuant to 28 U.S.C. § 1407 for transfer of the actions listed on the following Schedule A be, and the same hereby is, denied.

| SCHEDULE A | DOCKET NO. 219 |
| --- | --- |
| **Eastern District of Missouri** | |
| Times Square Investment Corp. v. Commercial & Industrial Builders, Inc. v. General Construction Corp., et al. | Civil Action No. 74–844C(1) |
| **Eastern District of Illinois** | |
| Commercial & Industrial Builders, Inc. v. Times Square Investment Inc., et al. | Civil Action No. 75–4–042 |