## In re BRANDYWINE ASSOCIATES ANTITRUST AND MORTGAGE FORECLOSURE LITIGATION.

### No. 228.

Judicial Panel on Multidistrict Litigation.

Feb. 9, 1976.

Before ALFRED P. MURRAH * Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD,* EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

In 1972 Valley Forge Corporation (VFC) and Certain-Teed Products Corporation (Certain-Teed) formed Brandywine Associates, a Pennsylvania limited partnership which has its only office in Philadelphia. As part of this formation, Brandywine purchased from VFC four apartment projects, a motel and an interest in an office building complex. As a condition of the sale of the apartment projects and motel, VFC allegedly required Brandywine to enter into a contract for the management of the properties by VFC Management Corporation, a subsidiary of VFC.

Soon thereafter Brandywine claims that it became aware of extensive contractual breaches and efforts by VFC to conceal these breaches. When negotiations to remedy these problems broke down in February 1975, Brandywine filed an action in the Eastern District of Pennsylvania against Certain-Teed, VFC, VFC Management Corp., Matador Motor Inns, Inc. and various individuals who were officers or directors of these corporate defendants. The complaint alleges that these defendants violated the Sherman Antitrust Act by conspiring to tie the management of certain properties to the sale of those properties and that defendants committed various breaches of contract, breaches of fiduciary duty, fraud and conversion.

Brandywine further alleges that the original contracts, for the sale of two of the apartment projects specifically stated that Builders Investment Group (BIG) was obligated to provide permanent financing for these projects, but that Brandywine never received permanent financing from BIG and was unable to procure such financing from any other source. As a result, Brandywine claims that it had no choice but to accept interim financing from CBT Realty Corporation (CBTR) for the projects. Brandy-

* Judges Murrah and Weinfeld were unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

wine contends that this interim financing was granted as an accommodation to VFC, that the amount of the loans was far in excess of the value of the real estate and that the interest rates charged were usurious. Concurrently with its institution of the Pennsylvania action, Brandywine began negotiations with CBTR to extend the interim financing and reduce the interest rates. During the course of these negotiations, Brandywine alleges that it discovered that the loans were intended to keep it alive as part of a conspiracy to milk all the profits that could be made from the frauds perpetrated on Brandywine; that BIG had been formed by Certain-Teed and was involved in several financial transactions with Certain-Teed and VFC, including these loans; and that CBTR and BIG had agreed among themselves to foreclose on the properties held by Brandywine.

In July 1975, CBTR instituted foreclosure actions against Brandywine in the state courts of Illinois and Florida because of Brandywine's failure to meet its obligations under the mortgage agreements. CBTR also sought appointment of a receiver in the Florida action and possession of the premises in the Illinois action. On Brandywine's motion, both actions were removed to federal court, the Illinois action to the Eastern District of Illinois and the Florida action to the Northern District of Florida.

The Florida federal court has ordered the discontinuance of a previously established escrow account into which Brandywine was required to place all revenues from the Florida project; and the court has denied CBTR's motion to establish a receivership. In addition, the judge in this action has set a cut-off date for discovery.

The Illinois state court ordered Brandywine to establish an escrow account prior to that action's removal to federal court. CBTR has moved to remand the action to the state court and Brandywine

has moved the federal court to set aside the state court's order.

In August 1975 Brandywine was given leave by the court to amend its complaint in the Pennsylvania action to include four new defendants: BIG, CBTR, Connecticut Bank and Trust (Bank) and the president of BIG. The amended complaint contains allegations that these defendants actively participated in the original antitrust conspiracy. Both CBTR and Bank have moved to be dismissed from this action.

This matter is before the Panel as a result of Brandywine's motion to transfer the Florida and Illinois actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action pending there. All other parties oppose the motion.

Although there may be some common factual issues among these actions, we find that transfer under Section 1407 would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of this litigation.

Brandywine contends that the antitrust conspiracy charges are involved in all three actions, by way of the complaint in the Pennsylvania action and by way of counterclaims in the two foreclosure actions, and that these charges raise common questions of fact, including the following: the manner of and purpose behind the formation of Brandywine; the value of the properties which Brandywine purchased from VFC, including questions of the construction of the properties; the reasons why VFC and BIG failed to provide Brandywine with the proper permanent financing for two of the properties; the manner of and reasons behind CBTR's involvement in the interim financing of these two properties; the nature of and reasons for BIG's involvement in that interim financing; and the motivation of BIG and CBTR in instituting the foreclosure actions against Brandywine. As a result,

Brandywine asserts that discovery in all actions will cover the same ground and that transfer is necessary to avoid costly duplication of effort.

Frankly, we are simply not persuaded that movant has met the criteria for transfer of a minimal number of actions under Section 1407, which we enunciated in *In re Scotch Whiskey Antitrust Litigation,* 299 F.Supp. 543 (Jud.Pan.Mult. Lit.1969). In that decision, we stated that in order to demonstrate that the just and efficient conduct of the litigation would be promoted by transfer where only a minimal number of actions are involved, the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses. Id. at 544.

Only three actions are involved here. For the purposes of this litigation, the inconvenience to the party whose actions are proposed for transfer can be derived from the realization that the foreclosure aspect of the Florida and Illinois actions involves mostly, if not entirely, local factual, legal and potentially administrative issues. Thus, movant has not convinced us that these actions are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the litigants and their witnesses, as well as the burden on the judiciary, of having the predominantly local Illinois and Florida actions transferred to an out-of-state forum. Moreover, the Florida action is proceeding expeditiously toward trial, the judge supervising the action has been very involved in its progress to date and, as a result, its most just and efficient disposition can surely be achieved by leaving it in Florida. *See In re Disposable Diaper Patent Validity Litigation,* 362 F.Supp. 567, 568 (Jud. Pan.Mult.Lit.1973).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

## SCHEDULE A
### Eastern District of Pennsylvania

Brandywine Associates v. Certain-Teed Products Corp., et al. — Civil Action No. 75–516

### Eastern District of Illinois

CBT Realty Corp. v. Brandywine Associates, et al. — Civil Action No. CV 754–084

### Northern District of Florida

CBT Realty Corp. v. Devoe, et al. — Civil Action No. CCA 75–20